[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13907 ; 10-14056
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cv-00089-GMF


SANTIAGO ALVAREZ,

                                    Petitioner - Appellee,

versus

ERIC HOLDER, JR.,
United States Attorney General,
JANET NAPOLITANO,
Secretary, Department of Homeland Security,
JOHN T. MORTON,
Assistant Secretary, U.S. Immigration and Customs Enforcement,
JAMES HAYES, JR.,
Director of Office of Detention and Removal,
U.S. Immigration and Customs Enforcement,
FELICIA SKINNER, ICE Field Office Director,
Office of Detention and Removal, Atlanta District,
MICHAEL GLADISH, Officer in Charge, U.S. Immigration
and Customs Enforcement, Office of Detention and Removal,
Stewart Detention Center,
MICHAEL SWINTON,
Warden, Stewart Detention Center,

Respondents - Appellants.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(December 14, 2011)

Before BARKETT and PRYOR, Circuit Judges, and BUCKLEW,[*] District Judge.

PER CURIAM:

The Attorney General appeals an order of the United States District Court

for the Middle District of Georgia, retroactively granting Santiago Alvarez's

petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Attorney General

first argues the habeas corpus petition became moot when Alvarez was released

from detention, and that therefore the district court did not have jurisdiction to act.

Alternatively, the Attorney General argues that the district court erred in striking

several conditions of Alvarez's release. Alvarez cross-appeals the district court's

decision to reinstate one of the conditions after previously striking it.

## I. Background

Alvarez is a native citizen of Cuba who has been living in the United States

_____

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

as a lawful permanent resident since 1959.[1]  He is under a final order of removal

on the basis of several criminal convictions.[2]  After being held in ICE custody for

over six months, Alvarez filed a petition for a 28 U.S.C. § 2241 writ of habeas

corpus, asserting that his detention was no longer "presumptively reasonable"

under *Zadvydas v. Davis*, 533 U.S 678, 701 (2001).  A hearing on Alvarez's §

2241 petition was set for October 26, 2009.

Alvarez was released from ICE custody on October 21, 2009, five days

before his hearing date.  On October 22, 2009, the Attorney General filed a

Motion to Dismiss Alvarez's § 2241 petition arguing that, because Alvarez had

been released, his petition was now moot.  Attached to the government's motion

was the Order of Supervision ("OSUP"), which provided that Alvarez be "placed

under supervision and permitted to be at large," subject to certain conditions,

including:

[Condition 3]: That you do not travel beyond 50 miles of your residence without

---

[1] In 1961, Alvarez was recruited and served under a provisional Operational Approval for the Central Intelligence Agency (CIA).  In 1962, Alvarez enlisted in the U.S. Army and received extensive military training by the Army and CIA for possible invasion of Cuba.

[2] In 1990, Alvarez pled *nolo contendere* to aggravated assault and aggravated battery with a gun. He was sentenced to probation.  In 2006, Alvarez pled guilty to conspiracy and was sentenced to 46 months incarceration and two years supervised release, which was later reduced to 30 months pursuant to a Government Motion under Rule 35 for reduction of sentence upon valuable assistance to the government.  In 2007, Alvarez was convicted of obstruction of justice for failing to testify before a grand jury.

the advanced, written permission from ICE. Included in any request for travel must be information about the dates, purposes, places and manner of such proposed travel.

...

[Condition 11]: That you do not have any verbal, written, or physical contact or association, direct or indirect, except as permitted by court order, with Luis Posada-Carilles, Ernesto Abreu, Osvaldo Mitat, Ruben Lopez-Castro, Jose Pujol, Gilberto Abascal, Generoso Bringas, Edwardo Coloma, Pedro Lopez, Sixto Reinaldo Aquit, and Orlando ("Landy") Gonzalez.

...

[Condition 17]: That you will make good faith and timely efforts to obtain a travel document to effectuate your removal from the United States and will comply with any request by ICE to assist with these efforts.

...

[Condition 20]: At any time, ICE may modify certain terms and conditions of the order of supervision based on changed circumstances.

Alvarez filed a Response to Respondent's Motion to Dismiss arguing that his "sudden and unexpected" conditional release just five days before his habeas hearing did not render his petition moot. He also challenged the above conditions of release. In an order dated October 30, 3009, the district court granted Alvarez's habeas petition, "retroactively to October 21, 2009," and also struck the above conditions of release on the basis that the conditions constituted unconstitutional "constructive detention." In an order dated November 9, 2009, the district court reinstated Condition 11, finding that the government's arguments for the no-contact provision were appropriate in the circumstances.

## II. Discussion

This Court reviews *de novo* a district court's grant of habeas relief under 28 U.S.C. § 2241. *See Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000).

a. *Jurisdiction over habeas claims*

Initially, we reject the government's argument that the district court lacked jurisdiction to hear the constitutional arguments related to Alvarez's conditions of release. An individual may seek habeas relief under § 2241 if he is "in custody" under federal authority, and the Supreme Court has found that the in custody requirement is satisfied where restrictions are placed on a petitioner's freedom of action or movement. *See, e.g., Jones v. Cunningham*, 371 U.S. 236 (1963) (parolee still "in custody" of the parole board because the parole order imposed conditions that "significantly confine[d] and restrain[ed] his freedom"; habeas relief may be sought); *see also, Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (incarcerated parolee's challenge to the validity of his conviction can be maintained if a 'collateral consequence' of the conviction still exists).

In *Dawson v. Scott,* 50 F.3d 884, 886 n.2 (11th Cir. 1995), we found that a § 2241 petition filed by a prisoner while in custody was not mooted by his subsequent release because he was "still serving his term of supervised release" which "involves some restrictions upon his liberty." Because the OSUP amounted to a "collateral consequence" of Alvarez's release that was not moot, we find that the district court had jurisdiction to rule on his § 2241 petition.

b. *Challenge to the individual release conditions*

With reference to the conditions of release, the Supreme Court explained in *Zadvydas* that, if removal is not reasonably foreseeable, "the alien's release may and should be conditioned on any of the various forms of supervised release that are *appropriate in the circumstances . . .*".  533 U.S. at 699-700 (emphasis added). Here, we find that the conditions of release imposed by ICE were appropriate in the circumstances.  Conditions 3 and 17 are expressly authorized by administrative regulation 8 CFR § 241.5.  The regulation provides, in relevant part, that an Order of Supervision "*shall* specify conditions of supervision" (emphasis added) including, "[a] requirement that the alien continue efforts to obtain a travel document and assist the Service in obtaining a travel document" (Condition 17) and "[a] requirement that the alien obtain advance approval of travel beyond previously specified times and distances" (Condition 3).  Condition 20, which provides that ICE be allowed to modify the terms of the OSUP at any time, "based on changed circumstances,"  is reasonable because Alvarez would be able to challenge any further modifications to his OSUP in a later proceeding, and because ICE has broad discretion to construct reasonable conditions of supervision.  Accordingly, we conclude that the district court erred in striking these conditions as unduly "restrictive," and reverse the district court's order of October 30, 2009.

6

c. *Alvarez's challenge to the reinstatement of Condition 11*

On cross-appeal, Alvarez argued that the district court violated his rights to due process, freedom of association and freedom of speech when it reinstated Condition 11 without giving him the opportunity to respond or to be heard. Condition 11 requires that Alvarez stay away from the following individuals listed in the OSUP: Luis Posada-Carilles, Ernesto Abreu, Osvaldo Mitat, Ruben Lopez-Castro, Jose Pujol, Gilberto Abascal, Generoso Bringas, Edwardo Coloma, Pedro Lopez, Sixto Reinaldo Aquit, and Orlando ("Landy") Gonzalez. The government presented a Declaration of Omar Vega, a Special Agent with the FBI, which explained the government's reasons for imposing the no-contact order in the OSUP:

> (1) Luis Posada-Carriles was allegedly smuggled into the United States on a boat named "Santrina" and a federal grand jury was convened to investigate the allegations against Carriles;
>
> (2) Alvarez, Generoso Bringas, and Ernesto Abreu were listed as officers of the "Santrina" and that, at the time of Alvarez's release, Bringas and Abreu were potential witnesses in the trial against Carriles;
>
> (3) Alvarez and Osvaldo Mitat were convicted as co-defendants for conspiracy to possess destructive devices and unregistered machine guns and a silencer;
>
> (4) Alvarez, Pedro Lopez-Castro, Ernesto Abreu, Jose Pujol, and Osvaldo Mitat all pled guilty to obstructing justice for refusing to

7

testify before a grand jury that was convened to investigate Carriles;[3] and

(5) Carriles was once again indicted by a grand jury on April 8, 2009.

At the time that the OSUP was issued, each of the individuals listed in Condition 11 was either a co-defendant of Alvarez, or a witness in the then upcoming Carriles trial, from which Alvarez's 2007 conviction for obstruction of justice previously stemmed. Alvarez does not retain the absolute right to associate with individuals with whom he has been criminally involved, or who might have themselves been involved in criminal activity. Because the government presented a reasonable basis for its restriction on Alvarez's rights to associate with these individuals, we find Condition 11 "appropriate in the circumstances," and affirm the district court's judgment of November 9, 2009 that Condition 11 is not "arbitrary, vague [or] unconstitutional."

**AFFIRMED IN PART and  REVERSED IN PART.**

---

[3] In 2007, Alvarez was convicted of obstruction of justice for failing to testify before a grand jury against Carriles.